Breitel, J.
(dissenting). I would dismiss the appeal because it appears that the County Court reversal, reinstating the information, was not on the law, but in the interest of justice and in review of an act of discretion. Indeed, the factors discussed in detail and weighed were typical of an exercise of discretion, including the explicit “ balancing the three factors ”. Consequently, under CPL 450.90 the appeal does not lie because in actuality it is not limited to questions of law. The defect is not cured by the addition to the court’s order, some three months after its date and entry, of the marginal words “ on the law alone ”.
*197 Moreover, the facts of the case, even as recited in the majority opinion, detail a quite ordinary incident in the administration of a calendar. The trial court was exercising an ordinary discretion, reviewable by the County Court, because that court was not limited, as is this court, in its review of acts of discretion.
Were the issue reachable on the merits, I would affirm for the reasons stated in the opinion of the County Court, namely,, that the City Court improvidently exercised its discretion in dismissing the informations because of a delayed appearance, measured in hours, by the prosecutor and police officers. It is hard to see that the “ interest of justice ” was served by subordinating the People’s interest in prosecution to the court’s pique against the dilatory prosecutor.
Judges Burke, Jones and Wachtlee concur with Chief Judge Fuld ; Judge Breitel dissents and votes to dismiss the appeal in a separate opinion in which Judges Jasen and Gabeielli concur.
Order reversed and order of City Court of Buffalo reinstated.